IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Stuart Lang, | ) | C/A No. 9:10-1572-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, John Stuart Lang, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be reversed and remanded for further administrative action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The Commissioner has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry:  whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform.  This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981).  If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled.  20 C.F.R. § 404.1520(g)(2).

PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows.  The plaintiff alleges disability as of August 1, 2004 due to a neck

3

injury.   The plaintiff was 43 years old at the time he alleges he became disabled.  He has a high school education and past relevant work experience as an electrician.

The plaintiff's applications for DIB and SSI, filed November 14, 2006, were denied initially and upon reconsideration.   The ALJ held a hearing and later issued a decision finding that the plaintiff was not disabled.  The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on June 18, 2010, seeking judicial review of the Commissioner's final decision.

### *The ALJ's Findings*

Applying the five step sequential evaluation mandated by the Commissioner's regulations for determining disability, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since August 1, 2004.  At step two, the ALJ found the following impairments were severe in combination: migraine headaches (controlled with medication), cervical strain, lumbar degenerative disc disease, dysthymia, and anti-social personality traits.  At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1.  The ALJ determined that plaintiff's subjective complaints were not fully credible, and that he had the residual functional capacity (RFC) to perform the full range of exertional work, so long as the work did not require customer service skills (effective public interaction). At step four, the ALJ determined that plaintiff could do his past relevant work as an electrician, as the job was actually and generally performed.   Thus, the ALJ found the plaintiff was not disabled.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1)     applying an incorrect legal standard;

(2)     failing to properly assess opinion evidence from plaintiff's treating physician;

(3)     failing to obtain Vocational Expert (VE) testimony due to plaintiff's severe non-exertional psychiatric condition;

The plaintiff further contends that the Appeals Council committed error by failing to reverse and remand the case for a new hearing based on evidence submitted as part of plaintiff's appeal.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge finds that the ALJ's decision with respect to the treating physician's opinion constitutes reversible error.  For the reasons stated below, the court agrees with and adopts the Magistrate Judge's recommendation and reverses the Commissioner's decision, with remand for further administrative action as set forth in the Report.

DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*Treating Physician's Opinion*

As the Magistrate Judge notes in his Report, while the ALJ briefly discussed the treating physician's treatment records in her decision, she does not state whether she is accepting or rejecting his opinion or diagnosis, nor does the ALJ reference the treating physician's opinion as to the extent of plaintiff's pain and limitations.

Further, the Magistrate Judge notes that if the ALJ rejects the treating physician's findings and opinions, she is required to affirmatively state that she was rejecting the opinion and why. *Morales v. Apfel*, 225 F.3d 310, 317–18 (3rd Cir. 2000). Failure to do so is grounds for reversal. *Bailey v. Barnhart*, No. 01-3474, 2002 WL 1401225 at **4 (7th Cir. July 26, 2002). The ALJ is generally required to explicitly indicate all the weight given to all the relevant evidence. *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987).

The Magistrate Judge also suggests that to the extent the defendant argues that the ALJ "implicitly rejected" the treating physician's opinion, such an argument is a post hoc rationalization for the ALJ's failure to address relevant, probative evidence in her decision.

The Magistrate Judge opines that the plaintiff sets forth a plausible argument that the reason the ALJ did not address the probative evidence was because the ALJ did not see or review Dr. Taylor's September 2007 report and findings. The Magistrate Judge points out that Dr. Taylor's report was misfiled in the case record before the ALJ, resulting in it being separated into two section almost one hundred pages apart. The Magistrate Judge also notes that the ALJ does not make reference to the treating physician's report when discussing Dr. Taylor's findings in her decision.

This court agrees that the ALJ's failure to discuss Dr. Taylor's September 2007 findings with respect to the plaintiff's RFC and either accept this treating physician's opinion or alternatively explain why it was being rejected constitutes reversible error and requires remand.

### The Commissioner's Objections to the Report and Recommendation

In his objections to the Report, the Commissioner suggests that even though Dr. Taylor's report was separated, it was part of the record before the ALJ. However, this court agrees with the Magistrate Judge that simply because it was in the record is not indicative that the ALJ saw it or reviewed it, especially in light of the fact that the ALJ does not state whether she was accepting or rejecting his opinion or diagnosis, nor does the ALJ reference the treating physician's opinion as to the extent of plaintiff's pain and limitations.

The Commissioner further objects to the Magistrate Judge's findings, suggesting that the ALJ is not required to use the magic words, "I reject the doctor's opinion because...." However, this court cannot properly review the ALJ's decision without a proper foundation and explanation, based on substantial evidence, and the correct application of the law.

### Appeals Council Error

The plaintiff provided a copy of the complete report to the Appeals Council as part of his appeal of the decision, contending that it was "new" because it did not appear to have been considered by the ALJ in reaching her decision, and that it was "material" because it obviously relates to the period on or before the date of the ALJ's decision. The Appeals Council found that the information did not provide a basis for changing the ALJ's decision, with no explanation as to why it did not grant review upon receipt of the additional evidence.

While the Magistrate Judge presents a thorough review of the authority and current debate on whether or not the Appeals Council is required to articulate a reason for its decision not to grant review, the issue need not be addressed by this court due to its finding that the ALJ's decision contained error and must be remanded on that basis.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is reversed and remanded.

IT IS SO ORDERED.

September 20, 2011                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge